B. A. RIESNER v. GULF, COLORADO AND SANTA FE RAILWAY COMPANY ET AL.

No. 424.—Decided June 8, 1896.

**1. Concurrent Jurisdiction—Court First Obtaining.**

Upon the principle that when the jurisdiction of a court, although concurrent with other courts, attaches to any subject matter of litigation it becomes exclusive for all purposes necessary to the accomplishment of the objects of the suit, a proceeding for the appointment of a receiver of property of a defendant will prevent interference with such property by other courts from the time jurisdiction attaches to the property.

**2. Same—Receiver—When Jurisdiction Attaches.**

An order appointing a receiver places the property in the custody of the court, though the receiver has not qualified nor taken possession; so, also, when the judge of the court has acted upon the application for the receiver, in such way as to indicate that he has determined that he will investigate the matter and may appoint a receiver at some future date, the property is thereafter considered in the custody of the law and not liable to the process of any other court pending such investigation.

**3. Same—Garnishment.**

A petition for the appointment of a receiver of the property and assets of a defendant for payment of his debts was presented to a judge of a Circuit Court of the United States and by him ordered filed, and subsequently a receiver was appointed and qualified. In a suit in a state court against the same defendant for recovery of a debt a writ of garnishment was issued and served on defendant's debtor, after the date of the filing of the petition for a receiver, but before his appointment or service of process on defendant in the case. Held, that the action of the judge of the Circuit Court in examining the petition and ordering it filed for future consideration was sufficient to attach the jurisdiction of that court to the property and credits of defendant pending its consideration, and the debt was not subject to garnishment at the time of service of the writ.

**4. Query—Effect of Filing Petition.**

Whether the mere filing of a petition for the appointment of a receiver without action of the court or service of process will be sufficient to cause the jurisdiction of the court to attach discussed but not decided, and cases thereon reviewed.

CERTIFIED QUESTION from the Court of Civil Appeals, First District, in an appeal from County Court of Harris County.

The question certified and facts necessary to its understanding are stated in the opinion.

*Coleman & Ross,* for appellant.—No brief has reached the Reporter.

*Hutcheson, Campbell & Sears,* for the receivers.—When the garnishment against the G. C. & S. F. Ry. Co. was filed the property of the Texas, Louisiana and Eastern Ry. Co. was in the custody of the U. S. Circuit Court at Galveston, and being in custodia legis was not subject to garnishment from another court. City Ntl. Bank v. Merchants Ntl. Bank, 27 S. W. Rep., 851; Railway v. Lewis, 81 Texas, 1; Ellis v. Ice Co., 86 Texas, 109; Atlas Bank v. Bank, 23 Pick., 480; Hubbard v. Bank, 7 Met., 340; Trust Co. v. Railway, 6 Biss., 198; Gaylord v. Railway, 6 Biss., 286; High on Receivers, sec. 50, p. 38; Gluck & Becker on Receivers, sec. 30, p. 66.

*Head, Dillard & Muse,* also for receivers, filed written argument citing in addition to the above authorities Adams v. Merchantile Trust Co., 66 Fed. Rep., 617; Chittenden v. Brewster, 2 Wall, 191; Moran v. Sturgiss, 154 U. S., 256; Shields v. Coleman, 157 U. S., 168; Wiswall v. Sampson, 14 How., 52; Walling v. Miller, 108 N. Y., 173.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First supreme judicial district has certified to this court the following statement and questions:

"Appellant sued the Texas, Louisiana & Eastern Railway Company in the County Court of Harris County for a debt, and, on the 30th day of December, 1893, sued out a writ of garnishment against the Gulf, Colorado & Santa Fe Railway Company, which was duly served on the 2d day of January, 1894. The garnishee filed its answer March 10, 1894, admitting that at the date of the service of the garnishment it was indebted to the Texas, Louisiana & Eastern Railway Company, but set up the facts stated below to show that the fund was not subject to the writ, and asked that the receivers of the defendant company's property be made parties to the suit in order that the questions involved might be adjudicated. The receivers, Putnam and Lazarus, intervened, also setting up the facts stated to show that the debt in question was not subject to garnishment, and that they, as such receivers, were entitled to collect and administer it under the orders of the court which appointed them.

The facts shown in support of the claim of the receivers are as follows: On the 25th day of December, 1893, there was presented to Hon. David E. Bryant, one of the judges of the Circuit Court of the United States for the eastern district of Texas, a bill in equity in behalf of Samuel A. Walker v. The Texas, Louisiana & Eastern Railway Company,

requesting the appointment of receivers for said company, its assets and property. The nature of this bill is not further shown by the record before us. It was ordered filed by Judge Bryant, and was filed in said Circuit Court on the 29th day of December, 1893. No other action was taken upon it until February 1, 1894, when Judge Bryant appointed the intervenors as receivers of the defendant railway company, with power to take possession of same and all of its property, and ordered that such property be delivered to them. The receivers qualified and took possession of the properties before the trial of this suit in the County Court. Plaintiff Riesner recovered judgment against the defendant company for his debt, but the County Court held that it had no jurisdiction to subject the fund in hands of the garnishee and dissolved the garnishment and discharged the garnishee.

"Upon these facts the following questions are certified for decision:

"1. Was the fund in the hands of the garnishee at the time of the service of the writ subject to the garnishment, or did the application for the appointment of receivers of the property of the defendant, considered in connection with the subsequent action of the Federal court, put such fund beyond the reach of the writ?

"2. If the fund was subject to garnishment when it was served, must the fund be subjected by the ordinary statutory judgment rendered by the court issuing the writ, or should the garnishment be simply sustained by the judgment rendered, leaving the plaintiff to seek satisfaction through the orders of the court having charge of the receivership?"

It is generally held by the courts and stated by the text writers that when the jurisdiction of a court attaches to any subject matter of litigation, although concurrent with another or other courts, it becomes exclusive for all purposes necessary to the accomplishment of the objects of the suit. Waite on Insolvent Corp., sec. 261; High on Receivers, sec. 52. That is, if a bill be filed in one court, which has for its object the appointment of a receiver to take into custody the property of the defendant and to pay and discharge the debts of such defendant, from the time that the jurisdiction attaches to the property no interference on the part of other courts will be allowed.

But this general statement leaves open the question as to when and under what circumstances the jurisdiction of the first court does in fact attach so as to give it exclusive control of the property sought to be subjected. In this State it has been established that whenever a court of competent jurisdiction has appointed a receiver for a corporation or for an individual or co-partnership, the jurisdiction of that court attaches to the property of such corporation, person or firm, although the receiver has not qualified nor taken possession of the property. Railway v. Lewis, 81 Texas, 1. In the case last cited, Chief Justice Stayton, speaking for the court, quoted from the case of Maynard v. Bond, 67 Mo., 315, as follows: "The counsel for the sheriff only objects that he was prior in right to the receiver, because his levy was made before the receiver had executed and filed the bond to be given by him. When the

court in such cases appoints a receiver, it is because the court has first adjudged that the property is no longer to be under the control of the parties to the suit, but is thenceforth to be and is in the custody of the court. A receiver then becomes merely an agent through whom the court acts, and whether he be forthwith appointed by the court, as in this case, or a reference be made to a master or a referee to appoint one, in either case the effect is the same; the title of the receiver is of the date at which it is ordered that a receiver be appointed. Then the title of the parties to control dies and then the title of the court and of its agent and officer immediately succeeds." This in substance asserts the proposition that whenever the judge of the court has acted upon the application in such way as to indicate that he has determined that he will investigate the matter and may appoint a receiver at some future date, the property is thereafter considered in the custody of the law and not liable to the process of any other court pending such investigation. This doctrine is sustained in the cases of May v. Printup, 59 Ga., 128, and Adams v. Trust Company, 66 Fed. Rep., 617, as well as other cases. In the former case the United States Circuit Court for the State of Georgia had appointed a receiver for a railroad company, and after administering the property in the hands of the receiver for a time, discharged him therefrom, after which another application was filed in the same cause, asking the appointment of another receiver, which second application was pending in that court and a time set for hearing it, when a like application was made in a State court in the State of Georgia asking the appointment of a receiver for the same railroad company. The State court made the appointment of a receiver in the case, who took possession of the property, and afterwards the United States Circuit Court also appointed a receiver in the case therein pending, the latter court directing its receiver to apply to the State court for possession of the property. The receiver appointed by the Federal court intervened in the State court, setting up the facts, and asked that the property be delivered into his possession in accordance with the appointment made by the United States Circuit Court. The State court of Georgia ordered its receiver to turn over the property to the receiver of the federal court, which order, upon appeal, was affirmed by the Supreme Court of that State.

In the case of Adams v. Trust Company, opinion delivered by Judge Pardee, the United States Circuit Court of Appeals reversed the judgment of the Circuit Court of the United States in the State of Florida and directed it to turn over to the receiver of the State court the property of the defendant in that suit upon a state of facts very similar to that which existed in the case of May v. Printnup. Judge Pardee quoted from the opinion of Judge Wood as follows: "Is actual seizure of the property necessary to the jurisdiction of the court? In my judgment it is not. In this case I think the jurisdiction of the United States Circuit Court for the northern district of Georgia first attached to the property, because the suit in that court was first commenced and service of sub-

poena made, and because (1) one of the main objects of the suit was to obtain possession of the property, and such possession was necessary to the full relief prayed by the bill, and (2) because by the service of the restraining order enjoining the defendant company from delivering possession of the trust property to any person except a receiver appointed by this court in this cause, the court acquired constructive possession, and from the moment of the service of the restraining order the property was in gremio legis." Of this, Judge Pardee expressed his approval, saying: "The views expressed by Judge Wood have been accepted and followed in this circuit, at least, and we fully concur therein as the correct exposition of the law, and one particularly applicable to the present case; while the decision of Mr. Justice Bradley, doubted by himself, is open to the objection that thereby jurisdiction is frequently made to depend upon a race between marshals and sheriffs, likely to result in unseemly controversies between the State and the federal courts."

In accordance with the expression quoted from the opinion of Judge Wood above, it has been generally held by the federal courts that when a bill has been filed which seeks to subject the property of a corporation, person or co-partnership to the payment of the debts of all creditors, and prays for the appointment of a receiver to administer the same, and when service of citation has been had upon the defendant, the jurisdiction of the court attaches to such property so as to exclude the interference of any other court therewith. Belmont N. Co. v. C. I. & S. Co., 46 Fed. Rep., 8; Shields v. Coleman, 157 U. S., 168; Pres't Atlas Bank v. Pres't Nahant Bank, 23 Pick., 480; Gaylord v. Railway, 6 Biss., 292; Insurance Co. v. University, 6 Fed. Rep., 443; Owens v. Railway, 20 Fed. Rep., 10; Chittenden v. Brewster, 2 Wall., 191; Adams v. Trust Co., 66 Fed. Rep., 617; Foster's Fed. Prac., sec. 9. In the case of Railway v. Lewis, our Supreme Court went no further than to decide that the appointment of a receiver without his qualification operated to place the property in custodia legis, but it was strongly intimated that this was not the limit at which this court would stop on the question of jurisdiction. From the statement which accompanies the questions propounded, we conclude that no service of process was had in the case pending in the Federal court when the writ of garnishment was served in this case, and the question as to what would be the proper rule in case process had been served before the service of the writ of garnishment is not before us for decision.

It does appear from the statement that the petition in the case instituted in the Federal court seeking the appointment of a reeciver was presented to the Hon. David E. Bryant, judge of the United States Circuit Court for the eastern district of Texas, which petition he acted upon so far as to examine it and order it filed; from which we conclude that he determined that the allegations of the petition were sufficient to show a prima facie case for the appointment of a receiver and that by his action he sent the petition to be filed in his court for future consideration. This action of the judge was sufficient, if followed up in due time by the

appointment of à receiver, to fix the jurisdiction of that court upon all the property of the defendant in that suit as to liens thereafter attempted to be acquired through the process of other courts. Under such circumstances the appointment when made would relate back to the filing of the bill. Levi v. Ins. Co., 1 Fed. Rep., 206. Of course, what we have said might not apply to a case where third parties had acquired rights in the property for a valuable consideration without notice, as for instance by purchase from the defendant or by a contract lien for a valuable consideration paid. If such a case should arise, we feel sure that the equities of such persons would be properly recognized and protected by that honorable court.

In Railway v. Lewis, supra, Chief Justice Stayton strongly intimates that the filing of a bill or petition asking for a receiver might be held to fix the jurisdiction of the court in which it was filed from the time of such filing and before the service of process or action by the court, but it is not necessary for us to decide that question in this case, and we leave it an open question as we find it under the authorities. While there are many expressions in the text books and in the decided cases which would lead to such a conclusion, we have not been able to find any case in which the question was involved and decided. Counsel for the receivers, interveners in this case, urge upon this court, as authority settling the question that the filing of a bill fixes the jurisdiction of the court over the property of the defendant, the cases of Chittenden v. Brewster, 2 Wall., 191, and Gaylord v. Railway, 6 Biss., 286. In the former case a bill had been filed in the Circuit Court of the United States attacking the validity of an assignment made by the debtor defendant, to which the assignees were parties. The purpose of the bill was to set aside that instrument and to have a receiver appointed to administer the assets. Service of process was had upon all of the defendants, the assignees appeared in court and answered before any proceeding was instituted in the State court for the appointment of a receiver for the same property. That case differs from the one now before the court in this, that the instrument under which the assignees held the property was attacked directly in the proceeding and sought to be annulled, which necessarily gave the court jurisdiction of the property involved, and in addition thereto the court had acquired jurisdiction of the debtor and the assignees by service of process and answer filed before the proceeding in the State court was inaugurated. In this case no service had been had upon the defendant when the writ of garnishment was issued and there was no specific attack made upon the title or claim of any person to the property, but simply for the general purpose of placing all of the property of the defendant in the hands of a receiver for due administration. In the case of Gaylord v. Railway, cited above, service had been made upon the defendant before any proceeding was inaugurated in the State court; the court said: "Of course in all that has been said it is assumed, what was the fact in this case, that the bill was not only filed first in this court, but that the process was issued and duly served

upon the parties and that they were in court subject to its jurisdiction before any proceeding was instituted in the State court."

Neither of these cases involve the point insisted upon by counsel for the receivers in this case, that the filing of the bill of itself gave jurisdiction to the court over the property of defendant. They, however, tend to support the position.

On the other hand, there are expressions by high authority which would lead to the conclusion that no such result would follow the filing of a bill without service of process and without action by the court. Whenever that question shall arise in any case in the future, we feel confident that the courts will in the true spirit of comity and fairness determine and settle it with proper limitations so as to guard against the perpetration of fraud and the jeopardizing of the rights of others to which it might be peculiarly liable unless properly guarded.

It is fortunate for the country, for the interests of public justice and to the credit of the judiciary, both Federal and State, that, with few exceptions the courts, both Federal and State, have been liberal and just in determining questions which involve the conflict of jurisdiction. So long as these tribunals manifest the spirit of comity and fairness displayed in the cases of Adams against the Trust Company and May against Printup, above cited, there can be no serious disturbance of that harmony which should prevail between these independent but co-ordinate jurisdictions, and "races between marshals and sheriffs likely to result in unseemly controversies between the State and Federal courts" will be avoided, because when either court may feel that its jurisdiction has been invaded, upon application by its receiver to the court which has taken possession of the property, the wrong will be righted in a spirit of fairness and justice, as was done in the cases cited above and in this case in the County Court.

It will be unnecessary to answer the second question, and to the first question we answer that the funds in the hands of the garnishee at the time of the service of the writ should be held not to be subject to garnishment when presented upon the application or intervention of receivers as in this case, and the County Court properly held that such funds should not be thus subjected to the payment of the plaintiff's debt. We do not mean to say that if no intervention had been filed by the receivers or action taken to bring the question before the County Court and it had rendered judgment against the garnishee that such judgment would be void so as not to protect it when paid. But we hold that upon such application or intervention it was the duty of the County Court to order that the garnishee be discharged.