McCRAW et al. v. STANOLIND OIL & GAS CO.

No. 7877.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1935.

Rehearing Denied Jan. 15, 1936.

H. Grady Chandler, of Austin, Tex., for appellants.

Chas. D. Turner and Carlton R. Winn, both of Dallas, Tex., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

This is an appeal from an interlocutory injunction restraining the Attorney General and two of his assistants from seeking the appointment of a receiver in the trespass to try title suit the state had brought in the district court of Travis county, Tex., against Stanolind Oil & Gas Company, et al. Appellants insist that the petition for and the injunction constitute suits against the state, forbidden by the Eleventh Amendment to the Constitution. This is the record.

Stanolind Oil & Gas Company first filed suit in the federal court against Cardinal Oil Company and others, not, however, the state nor appellants, to remove cloud from and to quiet title to the lands described in its bill. The state then filed its suit. On April 30, 1935, in the federal court suit Cardinal Oil Company was restrained from drilling. On May 11 in the state court suit, an order to show cause was entered on the state's petition, for the appointment of a receiver. Thereafter, on May 21, Stanolind Oil & Gas Company filed a supplemental bill in the federal court naming the three appellants as defendants, and alleging that they were intending, on behalf of the state in its suit, to pray for the appointment of a receiver to take charge of the strip of land in controversy, and develop the same by drilling wells thereon, and that this action would result not only in irreparable injury to plaintiff, but in an invasion of the jurisdiction of the court. It prayed an injunction restraining the appellants from "asserting and continuing to assert any invalidity in the titles of the complainant, and from asserting or taking possession of the land described in the bill, and from suing, or threatening to sue complainant respecting such matters other than in this cause and court, and from prosecuting or pursuing, or taking any action, or permitting any action to be taken, in the District Court of Travis County looking to the appointment of a receiver, and from obtaining, or attempting to obtain, or permitting any order to be issued in said court save and except an order staying all proceedings therein until the final termination of this litigation in this court."

On this application the District Judge granted a temporary ten-day restraining order limited to restraining appellants from seeking the appointment of a receiver to take charge of the land and from interfering with the possession of the land or the jurisdiction of the court. On May 31 appellants appearing especially to contest the jurisdiction of the court, set up that the action was a suit against the state.

274

Appearing to the motion to show cause, they insisted that the temporary injunction should not issue, because it would be in effect an injunction against the state, and because the injunction would have the effect of staying proceedings in the district court of Travis county contrary to the statute of the United States, section 265 Judicial Code, 28 U.S.C.A. § 379, prohibiting such injunctions.

Other points were urged, that Stanolind's action was an in personam suit which did not bring the land into the court's custody, while the state court suit, to which Stanolind was a party, was a trespass to try title suit and did vest in that court complete and exclusive jurisdiction of the res.

The district court, overruling appellants' contest of its jurisdiction, granted an interlocutory injunction in terms restraining the appellants "from prosecuting or pursuing any action, or permitting any action to be taken in Cause 53505 pending in the District Court for the 53rd Judicial District of Travis County, Texas, seeking the appointment of a receiver to take charge of the land described in the petition in said suit, and being the same land or a part thereof which is the subject matter of this suit in equity, and from interfering with the possession of said land." This appeal is from that order.

■ Because we agree with appellants that the supplemental bill, though nominally against appellants, is in fact a suit against the state, we find it unnecessary to consider the other interesting questions raised. The authorities appellee relies on are not in point. This is not a suit as Constantin's was,[1] to restrain state officers unlawfully assuming to take property without due process. Appellants are not taking or offering to take any property. They are merely, as the state's lawyers, prosecuting in the courts of the state and in the state's name, a suit to establish and protect the state's title to land in which the state has an undoubted interest. Sheffield v. Hogg (Tex.Sup.) 77 S.W.(2d) 1021.

■ Whether questions of prior jurisdiction would be involved and could·be asserted against the state court's receiver in the federal court, if the state court should appoint one, and he should undertake to do there what the Cardinal Oil Company has been enjoined from doing, drill for oil, is not now before us for determination. We do not think we should assume that the state court will authorize its receiver to take, or that the federal court itself will take, any action in regard to the land in violation of the established rules of comity which should, and usually do, prevail between courts. Riesner v. G., C. & S. F. Ry., 89 Tex. 656, 36 S.W. 53, 56, 33 L.R.A. 171, 59 Am.St.Rep. 84;[2] Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Bryan v. Speakman (C.C. A.) 53 F.(2d) 463; Re White Star Refining Co. (State of Texas v. Porter), 74 F.(2d) 269 (C.C.A.).

It will be time enough when such a situation is presented to deal with it. Here is no controversy between courts, or the officers of courts. The controversy here is a suit between appellee, a plaintiff in a federal court suit, and the state, sought to be made defendant there in the persons of appellants. The district court was without jurisdiction to entertain the supplemental bill. The order granting the injunction is reversed, and the supplemental bill is dismissed.

Reversed and dismissed.

[1] Sterling v. Constantin, 287 U.S. 378, 53 S.Ct. 190, 77 L.Ed. 375.

[2] "It is fortunate for the country, for the interests of public justice, and to the credit of the judiciary, both federal and state, that with few exceptions the courts, both federal and state, have been liberal and just in determining questions which involve the conflict of jurisdiction."