Huffmeyer v. Mann



NUMBER 13-99-471-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


ANDREW F. HUFFMEYER, II, Appellant,


v.


DOUGLAS MANN, RECEIVER, Appellee.

____________________________________________________________________


On appeal from the 319th District Court of Nueces County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Hinojosa


This is an appeal from a summary judgment granted against appellant, Andrew F. Huffmeyer, II ("Huffmeyer II").
Huffmeyer II sued appellee, Douglas Mann ("Mann"), for conversion of an airplane and for a declaratory judgment.
Huffmeyer II's claims stem from Mann's actions as a receiver. By a single issue, Huffmeyer II contends the trial court erred
in granting Mann's motion for summary judgment. We affirm.

A. Background


Andrew F. Huffmeyer, I ("Huffmeyer I") and Ricardo Castaneda ("Castaneda") are joint owners of a corporation which
operates Apache Ag Service, Inc. ("Apache"). Castaneda became suspicious of the activities of Huffmeyer I with respect to
certain property of the corporation and sought, ex parte, a temporary restraining order. On March 6, 1998, the trial court
entered a temporary restraining order prohibiting any interference with the corporate property of Apache.

On April 2, 1998, the trial court heard Castaneda's request for a temporary injunction to supercede the temporary restraining
order. During the hearing, the trial judge raised the issue of the appointment of a receiver, and took the matter of the
appointment under advisement. On April 3, 1998, the trial court notified all parties:

the court has this date appointed Doug Mann as Receiver and an Order setting out his duties and responsibilities is being
drafted. The Court expects the status quo to be maintained until such time Mr. Mann begins performing his duties.



On April 6, 1998, the trial court signed an order appointing Douglas Mann as the receiver. The court's order authorized
Mann to "take charge and keep possession of corporate property" and ordered "that all persons, firms and corporations are
hereby enjoined from proceeding to levy upon or from otherwise interfering with the receiver's exclusive possession of the
above-described property until final judgment of this Court." On April 9, 1998, the court signed a supplemental order
containing a list of specific corporate property subject to the receivership, including a Weatherly Model 620B airplane ("the
Weatherly"). 

Huffmeyer II contends he bought the Weatherly from his father, Huffmeyer I, on April 3, 1998. On April 6, Huffmeyer II
attempted to take possession of the Weatherly from the Bishop Airport in Bishop, Texas, but was denied access by Steve
Anglin and Bishop Police Chief, Frank Garcia. Anglin said Mann had told him that the Weatherly was in receivership and
was not to leave the premises. Huffmeyer II then filed suit against Mann for conversion and intentional, knowing and
malicious acts. Huffmeyer II also asked for a declaratory judgment. The suit was consolidated with Castaneda's suit
against Huffmeyer I. On March 29, 1999, Mann filed a motion for summary judgment on the grounds: (1) that he was a
court-appointed receiver; (2) that he acted within the scope of his duties in marshaling the Weatherly; and (3) that he is not
liable, in his official or personal capacity, for his actions. On June 22, 1999, the trial court granted Mann a partial summary
judgment on the issues of conversion and intentional, knowing, and malicious acts. These issues were severed from the
original action and the summary judgment became final. (2) This appeal ensued.

B. Issue Presented


In a single issue, Huffmeyer II complains the trial court erred in granting Mann's motion for summary judgment because
genuine issues of material fact exist on the issue of conversion. Huffmeyer II contends that Mann is liable for conversion
of the Weatherly because Mann exercised dominion and control over the airplane before he had lawfully assumed his duties
as a receiver. See First Nat'l Bank of Plano v. State, 555 S.W.2d 200, 203 (Tex. Civ. App.-Dallas 1977, no writ) ("a
receiver cannot through summary proceedings take into custody property found in the possession of persons claiming
adversely").

C. Summary Judgment


The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled his initial burden to: (1)
establish as a matter of law that there remains no genuine issue of material fact as to one or more essential elements of the
plaintiff's cause of action, or (2) establish his affirmative defense to the plaintiff's cause of action as a matter of law. Casso
v. Brand, 776 S.W.2d 551, 556 (Tex. 1989); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Swilley
v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant must be taken as true. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 474
(Tex. 1995); Nixon, 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in his favor. Nixon, 690 S.W.2d at 549. Evidence favoring the movant's position will not be considered
unless it is uncontradicted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.
1965). If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the
motion for summary judgment can be sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Weakly v. East, 900
S.W.2d 755, 758 (Tex. App.-Corpus Christi 1995, writ denied).

 Conversion is established by proving that: (1) the plaintiff owned, had legal possession of, or was entitled to possession
of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and
unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the
plaintiff's demand for the return of the property. Akin v. Santa Clara Land Co., Ltd., 34 S.W.3d 334, 344 (Tex. App.-San
Antonio 2000, pet. filed).

Mann moved for summary judgment on the grounds that: (1) the alleged sale of the Weatherly by Huffmeyer I to
Huffmeyer II was improper because the airplane was in the custody of the court on April 2, 1998, when the court discussed
the appointment of a receiver; (2) a question of corporate ownership of the airplane exists; and (3) he has faithfully
discharged his duties as a receiver and has attempted to insure that waste of alleged corporate assets does not occur because
the "purported sale of an alleged corporate asset by one of the shareholders of the corporation to his son is suggestive of
self dealing and possession of the aircraft was rightfully retained by the receiver for later determination by legal action as to
its ownership." In support of the motion, Mann attached the following summary judgment evidence: (1) portions of the
reporter's record from the April 1 and 2, 1998 hearing, discussing the appointment of a receiver; (2) the Assignment of
Aircraft Purchase Agreement for the Weatherly executed by Huffmeyer I, vice president and shareholder of Apache; (3) the
deposition of Huffmeyer I, authenticating the aircraft purchase agreement; and (4) the affidavit of Douglas Mann regarding
his receivership.

In response to the motion for summary judgment, Huffmeyer II produced the following summary judgment evidence: (1) a
bill of sale of the Weatherly from Huffmeyer I to Huffmeyer II; (2) statement of Clifford Kidd of Kidd's Cropdusting
regarding Huffmeyer II's plan to use the plane in the custom spraying business; (3) an excerpt from the temporary
injunction hearing at which Castaneda stated that Huffmeyer I had indicated that Huffmeyer II might be interested in
purchasing an airplane; (4) the affidavit of Huffmeyer II regarding his purchase and attempts to pick up the plane at the
Bishop airport; (5) an aircraft title report for the Weatherly; (6) an excerpt from the temporary injunction hearing at which
Castaneda stated that he had not taken money from his personal account to purchase the Weatherly; (7) a personal demand
from Huffmeyer II for return of the aircraft; and (8) Mann's answers to Huffmeyer II's interrogatories in which he says that
Steve Anglin called him on April 4, 1998, and he informed Anglin that he was not yet the receiver but was to be appointed
on April 6, 1998. 

The main issue before us is whether Mann unlawfully assumed and exercised dominion and control over the Weatherly. A
trial court has the authority to appoint a receiver between partners or others jointly owning or interested in any property or
fund. Tex. Civ. Prac. & Rem. Code Ann. § 64.001(a)(3) (Vernon Supp. 2001); see also Tex. Bus. Corp. Act Ann. art. 7.04,
§ (A) (1) (Vernon 1980). A receiver may be appointed when the facts justify the appointment to preserve or protect the
property or fund in litigation without an application therefor by any party, and on the court's own motion. B&W Cattle Co.
v. The First Nat'l Bank of Hereford, 692 S.W.2d 946, 949 (Tex. App.-Amarillo 1985, no writ); Cross v. Cross, 738 S.W.2d
86, 87-88 (Tex. App.-Corpus Christi 1987, writ dism'd w.o.j.). The appointment of a receiver lies within the sound
discretion of the trial court. Estate of Herring, 983 S.W.2d 61, 65 (Tex. App.-Corpus Christi 1998, no pet.) (citingO&G
Carriers, Inc. v. Smith Energy 1986-A P'ship, 826 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1992, no writ).
Whenever a court of competent jurisdiction has appointed a receiver for a corporation or for an individual or
co-partnership, the jurisdiction of that court attaches to the property of such corporation, person, or firm, although the
receiver has not qualified, or taken possession of the property. Riesner v. Gulf, C&SF Ry. Co., 36 S.W. 53, 54 (Tex. 1896);
(3) see also Cline v. Cline, 323 S.W.2d 276, 282 (Tex. Civ. App.-Houston [1st Dist.] 1959, writ ref'd n.r.e.). When a court
appoints a receiver: 

 it is because the court has first adjudged that the property is no longer to be under the control of the parties to the suit, but
is thenceforth to be and is in the custody of the court. A receiver then becomes merely an agent through whom the court
acts; and whether he be forthwith appointed by the court, . . . or a reference be made to a master or a referee to appoint one,
. . . the title of the receiver is of the date at which it is ordered that a receiver be appointed. Then the title of the parties to
control dies, and then the title of the court and of its agent and officer immediately succeeds. This, in substance, asserts the
proposition that whenever the judge of the court has acted upon the application in such a way as to indicate that he has
determined that he will investigate the matter, and may appoint a receiver at some future date, the property is thereafter
considered in the custody of the law, and not liable to the process of any other court pending such investigation. 



Riesner, 36 S.W. at 54. The appointment of the receiver relates back to the presentation of the application to the judge and
his recognition of the same by setting it down for hearing. Baylor Univ. v. Chester Sav. Bank, 82 S.W.2d 738, 744 (Tex.
Civ. App.-Waco 1935, writ ref'd) (citing Riesner, 36 S.W. 53 (Tex. 1896)). When a trial judge says he has determined that
he will investigate the matter and appoint a receiver at some future date, the property is thereafter considered in the custody
of the law, and is not liable to the possession or jurisdiction of any other court. See La Rue Holding Co. v. Essex, 45
S.W.2d 319, 320 (Tex. App.-Fort Worth 1931, no writ). No one has the authority, even under a prior deed of trust or
execution, to sell property held in custodia legis by a duly appointed receiver, unless the sale is authorized by the court in
which the receivership is pending. First S. Props., Inc. v. Vallone, 533 S.W.2d 339, 341 (Tex. 1976) (citations omitted). A
sale of real estate over which a receiver has been appointed, by anyone other than the receiver or under his authority, is
illegal and void. Id. at 342 (citing King Land & Cattle Co. v. Fikes, 414 S.W.2d 521, 526 (Tex. App.-Fort Worth 1967,
writ ref'd n.r.e.)). A receivership destroys no prior vested right, nor does it determine any right as between the parties by
reason of an existing contract. Id. at 343. The enforcement of a third party's liens or other rights are merely suspended
until their enforcement is approved by the court having custody of the property. Id. 

On April 2, 1998, the trial court announced to the parties that on its own motion it was considering appointing a receiver. (4)
On April 3, the trial court notified the parties that it was appointing Mann as receiver, and signed a written order appointing
Mann on April 6.

We hold that on April 2, 1998, when the trial court took the appointment of a receiver under advisement, the Weatherly
was in the custody of the court and could not be sold by Huffmeyer I to Huffmeyer II. (5) Thus, Mann, as the receiver, was
acting on behalf of the court when he told Anglin that the Weatherly was in receivership. Accordingly, we hold the trial
court did not err in granting Mann's motion for summary judgment. Appellant's sole issue is overruled.

We affirm the trial court's order granting Mann's motion for summary judgment.




FEDERICO G. HINOJOSA

Justice




Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 7th day of June, 2001.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. A partial summary judgment becomes final when the parties and claims disposed of by summary judgment are severed
into a separate cause. Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C., 3 S.W.3d 616, 618 (Tex.
App.-Fort Worth 1999, no pet.); see alsoLehmann v. Har-Con Corp., 44 Tex. Sup. Ct. J. 364, 364 (Feb. 1, 2001) ("in cases
in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for
purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its
language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.")

3. Huffmeyer II contends in his brief that the application of Riesner is misplaced because the holding is based on the issue
of when two different courts are attempting to gain jurisdiction over the same property. We disagree with Huffmeyer II's
narrow interpretation of Riesner. The holding inRiesner more broadly establishes the court's overall authority over the
subject property once it considers the appointment of a receiver. 

4. "I'm just gonna have to think. I don't know . . . . I'm not sure I understand what you-all want me to do that's going to
resolve these pressing issues of deteriorating assets, short of the appointment of a -- short of the appointment of a receiver. 
We'll let you know this afternoon."

5. This Court is not determining the ownership of the Weatherly, but rather that as a listed corporate asset, the Weatherly
was subject to the receivership authority of Mann on April 2nd, prior to the April 3rd sale to Huffmeyer II.