TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00277-CV






Glen Smith, Appellant


v.


Maximum Racing, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN100698, HONORABLE JOSEPH H. HART, JUDGE PRESIDING






O P I N I O N



 This dispute arises out of the termination of an agreement between appellant Glen
Smith and appellee Maximum Racing, Inc. Maximum Racing agreed to provide Smith's son, Casey,
with race cars and other equipment. When the agreement ended, Smith refused to return one racing
car, alleging that Maximum Racing owed him money for "compensable work." Maximum Racing
prevailed in its countersuit for conversion after a jury found that Smith had not performed work
entitling him to a lien on the automobile. At issue is whether a theory of recovery composed of
multiple elements, only one of which is submitted to the jury and the remainder of which are omitted
without objection, is waived if it is neither included in the jury charge nor conclusively established
by the evidence presented at trial. We also consider whether the good-faith exercise of statutory
rights constitutes a defense to the tort of conversion. For the reasons that follow, we affirm the trial
court's judgment.


BACKGROUND

 Glen and Kathy Smith entered into an unwritten agreement with Maximum Racing 
to further their son Casey's racing career. Maximum Racing was to provide the race cars and
equipment necessary for Casey to compete in the 2000 racing season. Smith, in exchange, 
performed the maintenance and repair required to keep the cars in race-ready form. Upon proper
documentation of the cost of parts purchased, Maximum Racing would reimburse Smith for these
costs. At no time during the agreement was Smith reimbursed for his labor. 

 For various reasons, the Smiths and Maximum Racing decided to end their
arrangement. In doing so, Maximum Racing requested that Smith return the two race cars in his
possession. Smith returned one car but refused to return the other, claiming that he was owed money
for parts and labor invested in both cars; he filed suit against Maximum Racing seeking to establish
and foreclose personal property liens against the cars pursuant to section 70.001 of the property code.
See Tex. Prop. Code Ann. § 70.001(a) (West Supp. 2004). Maximum Racing counterclaimed for
conversion of the property. 

 The jury found that Smith had not performed compensable work for Maximum
Racing and that the fair market value of the disputed property was $63,000. The court entered a
judgment awarding Maximum Racing damages of $75,601.26, including pre- and post-judgment
interest, and entering a take-nothing judgment on Smith's claim against Maximum Racing. This
appeal followed.

 Smith brings four issues: (1) Maximum Racing's conversion counterclaim was
waived because no element of the action was submitted to the jury, and the action was not
conclusively established as a matter of law; (2) the court erred by finding conversion when Smith's
expenses for car parts constituted "compensable work"; (3) even without "compensable work," the
elements of conversion were not conclusively established and did not warrant a judgment of
conversion; and (4) good-faith exercise of his rights under section 70.001 of the property code
constitutes a defense to the charge of conversion.

DISCUSSION

Waiver of Conversion

 In his first and third issues, Smith asserts that Maximum Racing waived its theory of
conversion as a ground for recovery because the theory was neither included in the jury charge nor
conclusively established by the evidence presented at trial. See Tex. R. Civ. P. 279 ("Upon appeal
all independent grounds of recovery or of defense not conclusively established under the evidence
and no element of which is submitted or requested are waived."). Maximum Racing rejoins that the
evidence, in conjunction with a jury finding of no "compensable work," conclusively established its
right to recovery for conversion. 

 Smith insists that Maximum Racing's conversion claim was waived because none of
the elements were submitted to the jury. Rule 279, however, also provides that if one element of a
multi-element ground for recovery is found by a jury, and other elements are omitted from the charge
without request or objection, they may be found by the trial court. See id. (1) If the trial court does not
make written findings on the issue, omitted elements necessary to support the judgment shall be
deemed found by the court. Id. This principle is also firmly established in Texas case law. When a party's theory of
recovery or defense consists of multiple issues necessary to support that theory and the charge omits
an issue without objection, the omission does not waive the entire claim. See Turner, Collie &
Braden, Inc. v. Brookhollow, Inc., 642 S.W.2d 160, 165 (Tex. 1982). Rather, the parties are deemed
to have waived only a jury determination of the omitted elements. First State Bank, Morton v.
Chesshir, 634 S.W.2d 742, 747 (Tex. App.--Amarillo 1982, writ ref'd n.r.e.). 

 Maximum Racing cites Seureau v. Mudd, 515 S.W.2d 746 (Tex. Civ. App.--Houston
[14th Dist.] 1974, writ ref'd n.r.e.), for the proposition that the failure to request special issues does
not amount to a waiver of a claim. Seureau concerned the availability of possession and conversion
damages as relief for the plaintiff who sought to obtain possession of his automobile from a
mechanic. On the issue of the owner's right to possession of the car, the court found that all facts
necessary to determine possession--other than the amount due the mechanic--were undisputed. See
id. at 749. The fact-finder's determination in that regard provided the last element necessary for the
court to grant possession of the car to the plaintiff. See id. Smith attempts to distinguish Seureau
by arguing that it does not concern the elements of conversion because the court refers only to
possession in its ruling. However, Smith ignores the broader implication that, under Texas case law
and in accordance with the second sentence of Rule 279, the fact-finder's factual determination may
provide the final element necessary for the court to make a ruling as a matter of law. 

 The same principles are relevant here, where all but one of the elements of conversion
have allegedly been established and all that is necessary is to determine whether Smith had a valid
legal right to the property. "An issue is conclusively established when the evidence is such that there
is no room for ordinary minds to differ as to the conclusion to be drawn from it." Triton Oil & Gas
Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982). Upon a finding by
the jury that Smith did not have a legal right to the property, the court could properly find that
conversion had been established as a matter of law. Thus, we conclude that Maximum Racing has
waived not the entire claim for conversion but merely the right to have a jury determine the issues
omitted from the charge. See First State Bank, 634 S.W.2d at 747. The parties are considered to
have submitted the issues to the court for resolution and, absent written findings, the court "shall be
deemed to have decided the omitted factual issue in such manner as to support the judgment
rendered." Id. We therefore turn to the elements of conversion and the evidence presented at trial. 

 Conversion is the unauthorized and wrongful assumption and exercise of dominion
and control over the personal property of another to the exclusion of, or inconsistent with, the
owner's rights. Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971). To establish a
claim for conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned or had
legal possession of the property or entitlement to possession; (2) the defendant unlawfully and
without authorization assumed and exercised dominion and control over the property to the
exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return
of the property; and (4) the defendant refused to return the property. Apple Imports, Inc. v. Koole,
945 S.W.2d 895, 899 (Tex. App.--Austin 1997, writ denied); Whitaker v. Bank of El Paso, 850
S.W.2d 757, 760 (Tex. App.--El Paso 1993, no writ). 

 It is undisputed that the car and other racing equipment were owned by Maximum
Racing. Ownership carries with it the right of possession. See Waisath, 474 S.W.2d at 447. 
Evidence at trial established that Maximum Racing demanded return of the race cars and that Smith
refused the demand. By retaining the property after Maximum Racing requested its return, Smith
exercised dominion and control over the property to the exclusion of, or inconsistent with, Maximum
Racing's rights as owner. The only element about which there was any issue was whether Smith's
assumption and exercise of control were unlawful and unauthorized.

 Smith asserts that his continued possession of the car was not unlawful because he
was entitled to a worker's lien by virtue of his repair work. See Tex. Prop. Code Ann. § 70.001(a). 
However, the question of whether Smith had a right to a worker's lien was submitted to the jury in
the form of a question asking whether Smith had performed compensable work for Maximum
Racing. (2) The jury found against Smith on this issue. Therefore, the jury's failure to find
compensable work established the final element of conversion and allowed the trial court to enter
judgment for Maximum Racing. See Waisath, 474 S.W.2d at 447 (noting that conversion defendant
had no possessory rights in furniture for which it did not have valid lien). Also, the submission of
whether Smith performed compensable work that would make his possession of the car lawful was
"necessarily referable" to Maximum Racing's claim for conversion because, as the only contested
issue, its submission put Smith on notice of the possibility of a deemed or express finding on the
theory of conversion. See Tex. R. Civ. P. 279; Johnson & Higgins of Tex. v. Kenneco Energy, Inc.,
962 S.W.2d 507, 516 (Tex. 1998); Gold Kist, Inc. v. Carr, 886 S.W.2d 425, 431 (Tex.
App.--Eastland 1994, writ denied).

 We find that by submitting to the jury, without objection, the question of whether
compensable work was performed by Smith, the trial judge submitted one of the elements of
conversion (whether Smith's possession was unlawful). Therefore, the claim for conversion was not
waived. The jury's finding that Smith had not performed compensable work and had no valid lien
rights to Maximum Racing's property constituted the final element of conversion, and the trial judge
did not err in finding conversion as a matter of law. We overrule Smith's first and third issues.


Compensable Work

 In his second issue, Smith argues that the court erred by finding conversion because
his payment for car parts constituted "compensable work" as a matter of law. The jury declined to
find that Smith had performed compensable work. When reviewing a party's assertion that its claim
or defense was established as a matter of law, and where a jury has made an adverse finding of fact
on that issue, we apply a special analysis. See Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). 
We must first examine the record for evidence that supports the court's findings, while ignoring all
evidence to the contrary. Id. If there is no evidence to support the fact-finder's conclusion, then the
entire record must be examined to see if the contrary proposition is established as a matter of law. 
Id. 

 The record reflects much evidence from which the jury could infer that Smith had not
performed compensable work. In particular, we note that in filing suit, Smith diverged widely from
the usual course of dealing between the parties. Previously, Smith had presented Maximum Racing
with reimbursement requests documented by supplier invoices on a semi-regular basis, each of which
was paid in a timely manner. These requests never included a request for reimbursement for labor.

 As relations between the parties deteriorated in early 2001, Smith did not present
Maximum Racing with any reimbursement requests until he filed his lawsuit in March 2001, when
he presented a homemade invoice compiled from memory that included for the first time labor
charges. No documentation in the form of invoices or receipts was submitted into evidence. The
jury charge, to which neither party objected, stated that a party "performs compensable work if
valuable services are rendered or materials furnished for another party who knowingly accepts and
uses them and if the party accepting them should know that the performing party expects to be paid
for the work." The jury may consider the circumstantial evidence, weigh witnesses' credibility, and
make reasonable inferences from the evidence it chooses to believe. Lozano v. Lozano, 52 S.W.3d
141, 149 (Tex. 2001). The parties' normal course of dealing would not have informed Maximum
Racing that Smith expected to be paid for his labor, and in fact Maximum Racing took pains to
convey to Smith that it did not desire any additional repairs or upgrades after their arrangement
began to deteriorate. Furthermore, there was no evidence other than Smith's homemade invoice and
testimony to support his contention that he had purchased the parts listed on his invoice. The jury
was free to weigh and disbelieve this evidence. See id. There is sufficient evidence to support the
jury's failure to find that Smith performed compensable work. We overrule Smith's second issue.


Good Faith as a Defense to Conversion

 It is well established under Texas law that acting with good faith or innocence does
not constitute a defense to conversion. See Rodriguez v. Ortegon, 616 S.W.2d 946, 949 (Tex. Civ.
App.--Corpus Christi 1981, no writ) (good-faith defense not available to excuse actions in
conversion suit because requisite intent is only to assert right in property; wrongful intent is not
required); Adam v. Harris, 564 S.W.2d 152, 155 (Tex. Civ. App.--Houston [14th Dist.] 1978, writ
ref'd n.r.e.) (application to court for declaratory judgment may show good intentions but does not
defeat suit for conversion). One exception exists in the law: the "qualified refusal." "Where the
refusal is not absolute, but is qualified by certain conditions which are reasonable and justifiable, and
which are imposed in good faith, and in recognition of the rights of plaintiff, it will not serve as a
sufficient basis for an action for conversion." Earthman's, Inc. v. Earthman, 526 S.W.2d 192, 204
(Tex. Civ. App.--Houston [1st Dist.] 1975, no writ) (quoting 89 C.J.S. Trover & Conversion § 59b,
564-65).

 Smith argues that his actions in filing a lawsuit while retaining Maximum Racing's
property were a good-faith exercise of his rights under the property code. See Tex. Prop. Code Ann.
§ 70.001. He relies upon Whitaker and Earthman's as support for his contentions that a refusal to
deliver property on request may be reasonable and justified in order to investigate the rights of the
parties, and that conversion does not result if a qualified refusal is made in good faith to resolve a
doubtful matter. Whitaker, 850 S.W.2d at 760; Earthman's, 526 S.W.2d. at 204-06.

 Ordinarily, a defense is waived if the party relying on it fails to submit an issue. See
Tex. R. Civ. P. 279; Morey v. Page, 802 S.W.2d 779, 786 (Tex. App.--Dallas 1990, no writ); Pope
v. Darcey, 667 S.W.2d 270, 274 (Tex. App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.). "This
rule applies in all cases except when the defense has been conclusively established." Pope, 667
S.W.2d at 274. Smith did not attempt to submit the defense of qualified refusal in good faith he now
asserts on appeal. Therefore, this ground of defense, if not conclusively established, was waived. 

 Smith has not conclusively established that his refusal to return Maximum Racing's
cars was qualified by certain reasonable and justifiable conditions. The reason for the qualified
refusal must be distinctly stated to the party demanding possession at the time of the refusal, or the
right to the property is lost. Whitaker, 850 S.W.2d at 760; Stein v. Mauricio, 580 S.W.2d 82, 83
(Tex. Civ. App.--San Antonio 1979, no writ). We find no evidence in the record supportive of the
required elements of a proper qualified refusal to surrender possession of the race car to Maximum
Racing. Smith failed to assert promptly his belief that the law entitled him to a worker's lien on the
property, preferring instead to file suit over a month after Maximum Racing's demand letter was
sent. Smith did offer to return the car if Maximum Racing reimbursed him for the cost of materials
and labor (effectively requiring Maximum Racing to pay for labor and parts that it had not contracted
for); this is not the type of qualification contemplated by the Whitman and Earthman's courts. See
Morey, 802 S.W.2d at 786. 

 Whether a conversion defendant acted in good faith and upon reasonable grounds
under the circumstances is a question for the jury. See Earthman's, 526 S.W.2d at 205. However,
even if we assume that there was evidence from which the jury could have inferred a proper qualified
refusal, we cannot say that the evidence was such that the jury was bound to make such a finding. 
Additionally, in this case the jury in fact made an unfavorable determination that Smith had not
performed compensable work, which cuts against Smith's assertion that his refusal to return the race
cars to Maximum Racing was a proper qualified refusal. Thus, the evidence did not conclusively
establish Smith's good-faith defense.

 We also reject Smith's policy argument that he should not be held liable for
exercising his statutory rights. Smith relies on Huffmeyer v. Mann, 49 S.W.3d 554 (Tex.
App.--Corpus Christi 2001, no pet.), to argue that persons who exercise control over property while
under the auspices of a judicial conflict should not be punished. Huffmeyer, however, concerns a
case where the defendant, having been notified by the court that he was appointed as receiver of an
estate, prevented the plaintiff from removing property. The plaintiff accused the receiver of
exercising "dominion and control . . . before he had lawfully assumed his duties as a receiver." Id.
at 558. Finding that the property was in the custody of the court from the day the trial court took the
appointment of a receiver under advisement, the Huffmeyer court held that Mann was not liable for
acting on behalf of the court and retaining the property. Id. at 560. Huffmeyer presents a very
different case than the situation here, where Smith took it upon himself to assert a right to the
property and sought to use the statute as a weapon to fend off the claims of the rightful owner. 
Permitting individuals to maintain possession of others' property without repercussions merely
because they claim "good faith" is poor public policy. We overrule Smith's final issue.


CONCLUSION

 We hold that an element "necessarily referable" to the theory of conversion was
submitted to the jury, and therefore the claim was not waived, but only the right to a jury finding on
the remaining elements. Likewise, the jury did not err in failing to find Smith had performed
compensable work; there was evidence to support this finding, and his compensable work was not
established as a matter of law. This finding satisfied the only disputed element of conversion, and
Rule 279 permits us to deem findings of the other elements to support the trial court's judgment.
Finally, good faith is not a defense to conversion under Texas law, and Smith fails to meet the
"qualified refusal" exception to this rule. Because we hold that conversion was conclusively
established, we affirm the trial court's judgment.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Justice Patterson concurs in the judgment only.

Affirmed

Filed: May 13, 2004
1. Texas Rule of Civil Procedure 279 states:


Upon appeal all independent grounds of recovery or of defense not conclusively
established under the evidence and no element of which is submitted or requested
are waived. When a ground of recovery or defense consists of more than one
element, if one or more of such elements necessary to sustain such ground of
recovery or defense, and necessarily referable thereto, are submitted to and found
by the jury, and one or more of such elements are omitted from the charge,
without request or objection, and there is factually sufficient evidence to support
a finding thereon, the trial court, at the request of either party, may after notice
and hearing and at any time before the judgment is rendered, make and file
written findings on such omitted element or elements in support of the judgment. 
If no such written findings are made, such omitted element or elements shall be
deemed found by the court in such manner as to support the judgment. A claim
that the evidence was legally or factually insufficient to warrant the submission
of any question may be made for the first time after verdict, regardless of whether
the submission of such question was requested by the complainant.


Tex. R. Civ. P. 279.

2. Question No. 1 of the jury charge read:

 

Did Smith perform compensable work for Maximum Racing, Inc.?


One party performs compensable work if valuable services are rendered or
materials furnished for another party who knowingly accepts and uses them and
if the party accepting them should know that the performing party should expect
to be paid for the work.