**Glenn SEUREAU d/b/a Star Motor Cars, Appellant,**

v.

**Jerry MUDD, Appellee.**

**No. 1021.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 30, 1974.

Rehearing Denied Nov. 20, 1974.

**748**

John D. Hagerman, Hagerman & Seureau, Houston, for appellant.

Jeffrey H. Hubbard, Houston, for appellee.

CURTISS BROWN, Justice.

This is a suit relating to the possession of, and indebtedness due on, an automobile. Glenn Seureau d/b/a Star Motor Cars (Star) appeals from a judgment of the trial court awarding appellee Jerry Mudd (Mudd) possession of a 1969 Mercedes-Benz automobile, model number 280-SE, plus costs and attorney's fees, declaring Mudd to be indebted to Star in the amount in $447.32, and entering a take-nothing judgment on Star's counterclaim against Mudd.

On November 12, 1971, Mudd took his car to Star to have a 60,000 mile maintenance service performed. He authorized certain work at that time and authorized further work, subsequently, through his secretary. When the work on the car was completed, a dispute arose over what work had actually been authorized. Mudd refused to pay Star's bill of $835.78, claiming that he had only authorized approximately $300 worth of work. Star enforced its possessory statutory lien under Vernon's Tex.Rev.Civ.Stat.Ann. art. 5503(a) (Supp.1974) and retained possession of the car. Mudd filed this suit and obtained possession by posting a replevy bond following sequestration of the car.

Appellant does not contest the jury finding that the repairs authorized by Mudd amounted to $447.32. We need not, therefore, discuss the evidence in this regard. Star bases this appeal on attacks on the award of possession, costs, and attorney's fees, on the failure to make the bonding company on the replevy bond jointly and severally liable for $447.32, and on the language of the judgment itself.

Star contends that it was error to grant possession of the car to Mudd. First, Star contends that Mudd's pleadings do not include a prayer for possession and that his pleadings disclose an election to sue for conversion damages in lieu of possession. On the contrary, plaintiff's first amended petition, on which he went to trial, alleged that he had been wrongfully deprived of possession in paragraph III. In paragraph IV he alleged conversion; in paragraph V he alleged interference with his business and sought attorney's fees. The prayer mentions neither possession nor conversion damages, but concludes with a general prayer "for such further relief as the Court may deem proper." Although it may have been better to include a prayer in the alternative for possession or conversion damages, it is well settled that a general prayer will support any relief raised by the evidence and consistent with the allegations in the petition. Jennings v. Texas Farm Mortg. Co., 124 Tex. 593, 80 S. W.2d 931 (Tex.Comm'n App. 1935, opinion adopted). Appellee's pleadings were sufficient to support an award of possession.

Second, Star contends that Tex. Rev.Civ.Stat.Ann. art. 5503(a) (Supp.1974) gives it a right to possession until all repairs are paid in full. The judgment of the trial court established the rights of the parties and fixed the amount due to Star. This amount is less than the attorney's fees awarded to Mudd, so his debt is discharged by the offset. Contemporaneous with this discharge, the lien of Article 5503(a) ceas-

es to exist and can no longer entitle Star to possession.

■ Third, Star contends that Mudd waived both possession and conversion damages under Texas Rules of Civil Procedure, rule 279 by failing to request special issues. We do not agree. All facts necessary to determine possession, other than the amount due to Star, were undisputed. There was nothing further to submit on the issue of possession.

■ Star's second major attack is on the award of attorney's fees. Tex.Rev. Civ.Stat.Ann. art. 5503(c) (Supp.1974) provides: "In the event of a lawsuit relating to possession of a motor vehicle and the indebtedness due thereon a Court, in its discretion, may award reasonable attorney's fees to the prevailing party." Star urges that it is the prevailing party because its recovery of $447.32 is more than Mudd admitted he owed. The statute places this award in the discretion of the trial court. Although Star did recover more than Mudd would concede, Mudd recovered his car. Under the circumstances, it was certainly within the trial court's discretion to determine that Mudd was the prevailing party in this case.

■ Star also contends that it should have been awarded attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp. 1974). Article 2226 provides in part that a party having a valid claim for personal services rendered, labor done, or materials furnished, which is not paid within thirty days, may recover attorney's fees if "he should finally obtain judgment for any amount thereof as presented for payment . . .." It was undisputed at trial that Star's original bill of $835.78 was erroneous in that it contained errors and double charges. It was undisputed at trial that Star never presented a correct bill for payment other than by filing the counterclaim in this suit. Therefore, it appears that Star never presented a valid claim for payment and is not entitled to attorney's fees under Article 2226.

■ The award of attorney's fees to Mudd allows a certain amount through trial and provides for additional certain amounts in the event of appeal to a court of civil appeals or the Supreme Court. Star contends that this form of award is invalid under the decision in Cooksey v. Jordan, 104 Tex. 618, 143 S.W. 141 (1912). Star implies that the Supreme Court has recently approved the Cooksey case in International Security Life Insurance Co. v. Spray, 468 S.W.2d 347 (Tex.Sup.1971). On the contrary, the Court in Spray *expressly overruled* Cooksey and held that the form of awarding attorney's fees in the event of appeal is not controlling so long as certainty is achieved. The award in the present case was certain and, therefore, proper.

■ Star complains of the award of costs against it because it contends it recovered more by its counterclaim than did the plaintiff by his action. Tex.R.Civ.P. 302. On the contrary, Star took nothing by its counterclaim, and the trial court declared the amount due to Star under Mudd's prayer for declaratory relief as an offset against his recovery. Furthermore, Mudd recovered possession of his car.

■ The trial court did not render judgment that Mudd's surety on his replevy bond be jointly and severally liable with him for the $447.32. Star contends that this was error under Tex.R.Civ.P. 709. Once again, Star has misconceived the effect of the judgment in this case. The effect of awarding possession with an offset for the amount due Star was *not* a judgment "against the plaintiff," as contemplated under Rule 709. The $447.32 is to be offset against the award to Mudd for attorney's fees. There will be no money passing from Mudd to Star. Furthermore, Mudd's surety gave a bond for replevy of the car, promising to keep the car in its same condition and to abide the decision of the court by returning the car or its value to the court if so required. The judgment awards possession to Mudd and thereby re-

lieves his surety of any obligation on the replevy bond.

 Appellee was allowed to open and close the jury argument and Star charges that this was error. Rule 269(a), Tex.R. Civ.P., provides in part: "The party having the burden of proof on the whole case, or on all matters which are submitted by the charge, . . ., shall be entitled to open and conclude the argument; . . .". The sole issue submitted in the present case inquired as to the value of the work authorized by Mudd. This amount was the subject of both Mudd's prayer for an offset and Star's counterclaim. Assuming that Star had the burden of proof on the issue, it would have been error to deny Star the right to open and close. Zieben v. Krakower, 346 S.W.2d 401 (Tex.Civ.App. —Houston 1961, writ ref'd n.r.e.). However, the mere denial of the right does not create reversible error. Zieben v. Krakower, *supra*, at 406. In the present case, Star has not complained of the jury's finding on the issue submitted. Therefore, it does not appear that the denial, if error at all, was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Tex.R. Civ.P. 434.

 Star's final point on appeal is that the judgment is void because it is contradictory, conflicting, and uncertain. More particularly, Star points to the declaration in the judgment that Mudd is indebted to Star for $447.32 and the statement that Star take nothing by way of its counterclaim. The trial court found, based on undisputed evidence, that Star never presented a correct bill to Mudd for payment, other than the filing of the counterclaim, and that there was no evidence to support the original demand for $835.78. Therefore, Star was not entitled to recover on its counterclaim. Nevertheless, Mudd's pleading sought an adjudication of the amount owed, to be taken as an offset against his other recovery. The trial court entered judgment in accordance with the jury's

verdict on this matter. It is obvious from the pleadings and the judgment taken together that the $447.32 was intended to be an offset against Mudd's recovery. We, therefore, modify the judgment to provide that the indebtedness of $447.32 due Star shall be an offset against other recovery by Mudd in the judgment. So modified, the judgment is neither contradictory, conflicting, nor uncertain.

Modified and affirmed.