IN THE
TENTH COURT OF APPEALS
 

No. 10-99-187-CR

     TRUITT SECOY LAYNE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 297th District Court
Tarrant County, Texas
Trial Court # 0558367D
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Appellant Layne appeals from a judgment of the trial court revoking his probation and
sentencing him to five years in the Texas Department of Criminal Justice - Institutional
Division.
      In 1995, appellant pled guilty to delivery of less than 28 grams of cocaine, and was
assessed five years probation. The trial court ordered appellant to comply with various
conditions of probation including reporting monthly to the Tarrant County Supervision and
Corrections Department.
      On February 23, 1999, the State filed its First Amended Petition for Revocation of
Probated Sentence alleging that appellant had violated his condition to report monthly by
failing to report in the months of December 1995; June, July, August and September 1996;
June August, October, November and December 1998; and January, February and March
1999. Appellant pled “true.” Judgment was entered revoking probation and sentencing
appellant to five years in prison.
      Appellant appeals on one point of error.
      “The trial court erred by failing to include in the judgment a written statement as to the
evidence relied upon by the court as fact finder.”
      The United States Supreme Court has enunciated the “minimum requirements of due
process “that must be observed in probation revocation hearings. See Morrissey v. Brewer,
408 U.S. 471 (1992). These requirements include: (1) written notice of the claimed violations
of probation; (2) disclosure to the probationer of the evidence against him; (3) the opportunity
to be heard in person, and by counsel, and to present witnesses; (4) the right to confront and
cross-examine adverse witnesses; (5) a “neutral and detached” hearing body; and (6) a written
statement by the factfinder as to the evidence relied on and the reasons for revoking probation. 
Morrissey, p. 487; Ruedas v. State, 586 S.W.2d 520, 523 (Tex. Crim. App. 1979).
      Appellant contends that the trial court failed to meet the sixth or “written statement”
requirement above.
      To the contrary, the judgment revoking probation includes a box entitled “Paragraph
Violated and Grounds for Revocation,” which states:
PARAGRAPH ONE - DEFENDANT FAILED TO REPORT TO THE
COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT OF
TARRANT COUNTY, TEXAS.
as set out in State’s First Amended Petition to revoke probation.
      This statement is sufficient to satisfy the sixth requirement under Morrissey. See
Thompson v. State, 981 S.W.2d 325 (Tex. App.—Houston [14th] 1998; rev’d on other grounds 
9 S.W.3d 808.
      Appellant’s point of error is overruled.
      The judgment is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 7, 2000
Do not publish



inated the possibility that the bent rods
were caused by anything other than the operator's negligence.
(9)Except to contest the person responsible for the damage, Appellant offered
no other explanation for the physical cause of the damage to the tractor's
engine.
          After reviewing the evidence and taking into account that the trial court was the judge of
the credibility of the witnesses, we are of the opinion and hold that the trial court's finding that
Appellant failed to overcome his presumption of negligence was legally and factually sufficient. 
We therefore respectfully overrule Appellant's second point of error.
          By Appellant's third and final point of error he contends that he was entitled to attorney's
fees as a matter of law. The trial court awarded Appellant $225.09 for parts installed in the tractor
without awarding him attorney's fees.
          Appellant claimed a lien against the tractor under Section 70.001 of the Texas Property
Code. Until this appeal, Appellant's only claim to his attorney's fees was under this section which
allows the trial court in its discretion to award attorney's fees to the "prevailing party." See
Seureau v. Mudd (Houston 14th CA 1974) 515 S.W.2d 746, NRE. In any event, in the absence
of formal findings of fact and conclusions of law, the trial court impliedly made the findings to
support his decision. Roberson v. Robinson (Tex.1989) 768 S.W.2d 280. Appellant's third and
final point of error is overruled.
          Judgment of the trial court is affirmed.
                                                                                 AFFIRMED
 
                                                                                                                              
                                                                                 JOHN A JAMES, JR.
DO NOT PUBLISH                                                     Justice (Retired)

[Participating: Chief Justice Thomas, Justice Means, and Justice James (Retired)]

(WITHDRAWN 12-20-90)