# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00277-CV

**Glen Smith, Appellant**

**v.**

**Maximum Racing, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. GN100698, HONORABLE JOSEPH H. HART, JUDGE PRESIDING

## O P I N I O N

This dispute arises out of the termination of an agreement between appellant Glen Smith and appellee Maximum Racing, Inc. Maximum Racing agreed to provide Smith's son, Casey, with race cars and other equipment. When the agreement ended, Smith refused to return one racing car, alleging that Maximum Racing owed him money for "compensable work." Maximum Racing prevailed in its countersuit for conversion after a jury found that Smith had not performed work entitling him to a lien on the automobile. At issue is whether a theory of recovery composed of multiple elements, only one of which is submitted to the jury and the remainder of which are omitted without objection, is waived if it is neither included in the jury charge nor conclusively established by the evidence presented at trial. We also consider whether the good-faith exercise of statutory

rights constitutes a defense to the tort of conversion. For the reasons that follow, we affirm the trial court's judgment.

## BACKGROUND

Glen and Kathy Smith entered into an unwritten agreement with Maximum Racing to further their son Casey's racing career. Maximum Racing was to provide the race cars and equipment necessary for Casey to compete in the 2000 racing season. Smith, in exchange, performed the maintenance and repair required to keep the cars in race-ready form. Upon proper documentation of the cost of parts purchased, Maximum Racing would reimburse Smith for these costs. At no time during the agreement was Smith reimbursed for his labor.

For various reasons, the Smiths and Maximum Racing decided to end their arrangement. In doing so, Maximum Racing requested that Smith return the two race cars in his possession. Smith returned one car but refused to return the other, claiming that he was owed money for parts and labor invested in both cars; he filed suit against Maximum Racing seeking to establish and foreclose personal property liens against the cars pursuant to section 70.001 of the property code. *See* Tex. Prop. Code Ann. § 70.001(a) (West Supp. 2004). Maximum Racing counterclaimed for conversion of the property.

The jury found that Smith had not performed compensable work for Maximum Racing and that the fair market value of the disputed property was $63,000. The court entered a judgment awarding Maximum Racing damages of $75,601.26, including pre- and post-judgment interest, and entering a take-nothing judgment on Smith's claim against Maximum Racing. This appeal followed.

2

Smith brings four issues: (1) Maximum Racing's conversion counterclaim was waived because no element of the action was submitted to the jury, and the action was not conclusively established as a matter of law; (2) the court erred by finding conversion when Smith's expenses for car parts constituted "compensable work"; (3) even without "compensable work," the elements of conversion were not conclusively established and did not warrant a judgment of conversion; and (4) good-faith exercise of his rights under section 70.001 of the property code constitutes a defense to the charge of conversion.

**DISCUSSION**

*Waiver of Conversion*

In his first and third issues, Smith asserts that Maximum Racing waived its theory of conversion as a ground for recovery because the theory was neither included in the jury charge nor conclusively established by the evidence presented at trial. *See* Tex. R. Civ. P. 279 ("Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived."). Maximum Racing rejoins that the evidence, in conjunction with a jury finding of no "compensable work," conclusively established its right to recovery for conversion.

Smith insists that Maximum Racing's conversion claim was waived because none of the elements were submitted to the jury. Rule 279, however, also provides that if one element of a multi-element ground for recovery is found by a jury, and other elements are omitted from the charge

3

without request or objection, they may be found by the trial court. *See id.*[1] If the trial court does not make written findings on the issue, omitted elements necessary to support the judgment shall be deemed found by the court. *Id.*

This principle is also firmly established in Texas case law. When a party's theory of recovery or defense consists of multiple issues necessary to support that theory and the charge omits an issue without objection, the omission does not waive the entire claim. *See Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 165 (Tex. 1982). Rather, the parties are deemed

---

[1] Texas Rule of Civil Procedure 279 states:

Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived. When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment. A claim that the evidence was legally or factually insufficient to warrant the submission of any question may be made for the first time after verdict, regardless of whether the submission of such question was requested by the complainant.

Tex. R. Civ. P. 279.

to have waived only a jury determination of the omitted elements. *First State Bank, Morton v. Chesshir*, 634 S.W.2d 742, 747 (Tex. App.—Amarillo 1982, writ ref'd n.r.e.).

Maximum Racing cites *Seureau v. Mudd*, 515 S.W.2d 746 (Tex. Civ. App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.), for the proposition that the failure to request special issues does not amount to a waiver of a claim. *Seureau* concerned the availability of possession and conversion damages as relief for the plaintiff who sought to obtain possession of his automobile from a mechanic. On the issue of the owner's right to possession of the car, the court found that all facts necessary to determine possession—other than the amount due the mechanic—were undisputed. *See id.* at 749. The fact-finder's determination in that regard provided the last element necessary for the court to grant possession of the car to the plaintiff. *See id.* Smith attempts to distinguish *Seureau* by arguing that it does not concern the elements of conversion because the court refers only to possession in its ruling. However, Smith ignores the broader implication that, under Texas case law and in accordance with the second sentence of Rule 279, the fact-finder's factual determination may provide the final element necessary for the court to make a ruling as a matter of law.

The same principles are relevant here, where all but one of the elements of conversion have allegedly been established and all that is necessary is to determine whether Smith had a valid legal right to the property. "An issue is conclusively established when the evidence is such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). Upon a finding by the jury that Smith did not have a legal right to the property, the court could properly find that conversion had been established as a matter of law. Thus, we conclude that Maximum Racing has

5

waived not the entire claim for conversion but merely the right to have a jury determine the issues omitted from the charge. *See First State Bank*, 634 S.W.2d at 747. The parties are considered to have submitted the issues to the court for resolution and, absent written findings, the court "shall be deemed to have decided the omitted factual issue in such manner as to support the judgment rendered." *Id.* We therefore turn to the elements of conversion and the evidence presented at trial.

Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). To establish a claim for conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.—Austin 1997, writ denied); *Whitaker v. Bank of El Paso*, 850 S.W.2d 757, 760 (Tex. App.—El Paso 1993, no writ).

It is undisputed that the car and other racing equipment were owned by Maximum Racing. Ownership carries with it the right of possession. *See Waisath*, 474 S.W.2d at 447. Evidence at trial established that Maximum Racing demanded return of the race cars and that Smith refused the demand. By retaining the property after Maximum Racing requested its return, Smith exercised dominion and control over the property to the exclusion of, or inconsistent with, Maximum

6

Racing's rights as owner. The only element about which there was any issue was whether Smith's assumption and exercise of control were unlawful and unauthorized.

Smith asserts that his continued possession of the car was not unlawful because he was entitled to a worker's lien by virtue of his repair work. *See* Tex. Prop. Code Ann. § 70.001(a). However, the question of whether Smith had a right to a worker's lien was submitted to the jury in the form of a question asking whether Smith had performed compensable work for Maximum Racing.[2] The jury found against Smith on this issue. Therefore, the jury's failure to find compensable work established the final element of conversion and allowed the trial court to enter judgment for Maximum Racing. *See Waisath*, 474 S.W.2d at 447 (noting that conversion defendant had no possessory rights in furniture for which it did not have valid lien). Also, the submission of whether Smith performed compensable work that would make his possession of the car lawful was "necessarily referable" to Maximum Racing's claim for conversion because, as the only contested issue, its submission put Smith on notice of the possibility of a deemed or express finding on the theory of conversion. *See* Tex. R. Civ. P. 279; *Johnson & Higgins of Tex. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 516 (Tex. 1998); *Gold Kist, Inc. v. Carr*, 886 S.W.2d 425, 431 (Tex. App.—Eastland 1994, writ denied).

---

[2] Question No. 1 of the jury charge read:

Did Smith perform compensable work for Maximum Racing, Inc.?

One party performs compensable work if valuable services are rendered or materials furnished for another party who knowingly accepts and uses them and if the party accepting them should know that the performing party should expect to be paid for the work.

7

We find that by submitting to the jury, without objection, the question of whether compensable work was performed by Smith, the trial judge submitted one of the elements of conversion (whether Smith's possession was unlawful). Therefore, the claim for conversion was not waived. The jury's finding that Smith had not performed compensable work and had no valid lien rights to Maximum Racing's property constituted the final element of conversion, and the trial judge did not err in finding conversion as a matter of law. We overrule Smith's first and third issues.

### Compensable Work

In his second issue, Smith argues that the court erred by finding conversion because his payment for car parts constituted "compensable work" as a matter of law. The jury declined to find that Smith had performed compensable work. When reviewing a party's assertion that its claim or defense was established as a matter of law, and where a jury has made an adverse finding of fact on that issue, we apply a special analysis. *See Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982). We must first examine the record for evidence that supports the court's findings, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the fact-finder's conclusion, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.*

The record reflects much evidence from which the jury could infer that Smith had not performed compensable work. In particular, we note that in filing suit, Smith diverged widely from the usual course of dealing between the parties. Previously, Smith had presented Maximum Racing with reimbursement requests documented by supplier invoices on a semi-regular basis, each of which was paid in a timely manner. These requests never included a request for reimbursement for labor.

8

As relations between the parties deteriorated in early 2001, Smith did not present Maximum Racing with any reimbursement requests until he filed his lawsuit in March 2001, when he presented a homemade invoice compiled from memory that included for the first time labor charges. No documentation in the form of invoices or receipts was submitted into evidence. The jury charge, to which neither party objected, stated that a party "performs compensable work if valuable services are rendered or materials furnished for another party who knowingly accepts and uses them and if the party accepting them should know that the performing party expects to be paid for the work." The jury may consider the circumstantial evidence, weigh witnesses' credibility, and make reasonable inferences from the evidence it chooses to believe. *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001). The parties' normal course of dealing would not have informed Maximum Racing that Smith expected to be paid for his labor, and in fact Maximum Racing took pains to convey to Smith that it did not desire any additional repairs or upgrades after their arrangement began to deteriorate. Furthermore, there was no evidence other than Smith's homemade invoice and testimony to support his contention that he had purchased the parts listed on his invoice. The jury was free to weigh and disbelieve this evidence. *See id.* There is sufficient evidence to support the jury's failure to find that Smith performed compensable work. We overrule Smith's second issue.

### *Good Faith as a Defense to Conversion*

It is well established under Texas law that acting with good faith or innocence does not constitute a defense to conversion. *See Rodriguez v. Ortegon*, 616 S.W.2d 946, 949 (Tex. Civ. App.—Corpus Christi 1981, no writ) (good-faith defense not available to excuse actions in conversion suit because requisite intent is only to assert right in property; wrongful intent is not

9

required); *Adam v. Harris*, 564 S.W.2d 152, 155 (Tex. Civ. App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) (application to court for declaratory judgment may show good intentions but does not defeat suit for conversion). One exception exists in the law: the "qualified refusal." "Where the refusal is not absolute, but is qualified by certain conditions which are reasonable and justifiable, and which are imposed in good faith, and in recognition of the rights of plaintiff, it will not serve as a sufficient basis for an action for conversion." *Earthman's, Inc. v. Earthman*, 526 S.W.2d 192, 204 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ) (quoting 89 C.J.S. *Trover & Conversion* § 59b, 564-65).

Smith argues that his actions in filing a lawsuit while retaining Maximum Racing's property were a good-faith exercise of his rights under the property code. *See* Tex. Prop. Code Ann. § 70.001. He relies upon *Whitaker* and *Earthman's* as support for his contentions that a refusal to deliver property on request may be reasonable and justified in order to investigate the rights of the parties, and that conversion does not result if a qualified refusal is made in good faith to resolve a doubtful matter. *Whitaker*, 850 S.W.2d at 760; *Earthman's*, 526 S.W.2d. at 204-06.

Ordinarily, a defense is waived if the party relying on it fails to submit an issue. *See* Tex. R. Civ. P. 279; *Morey v. Page*, 802 S.W.2d 779, 786 (Tex. App.—Dallas 1990, no writ); *Pope v. Darcey*, 667 S.W.2d 270, 274 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). "This rule applies in all cases except when the defense has been conclusively established." *Pope*, 667 S.W.2d at 274. Smith did not attempt to submit the defense of qualified refusal in good faith he now asserts on appeal. Therefore, this ground of defense, if not conclusively established, was waived.

10

Smith has not conclusively established that his refusal to return Maximum Racing's cars was qualified by certain reasonable and justifiable conditions. The reason for the qualified refusal must be distinctly stated to the party demanding possession at the time of the refusal, or the right to the property is lost. *Whitaker*, 850 S.W.2d at 760; *Stein v. Mauricio*, 580 S.W.2d 82, 83 (Tex. Civ. App.—San Antonio 1979, no writ). We find no evidence in the record supportive of the required elements of a proper qualified refusal to surrender possession of the race car to Maximum Racing. Smith failed to assert promptly his belief that the law entitled him to a worker's lien on the property, preferring instead to file suit over a month after Maximum Racing's demand letter was sent. Smith did offer to return the car if Maximum Racing reimbursed him for the cost of materials and labor (effectively requiring Maximum Racing to pay for labor and parts that it had not contracted for); this is not the type of qualification contemplated by the *Whitman* and *Earthman's* courts. *See Morey*, 802 S.W.2d at 786.

Whether a conversion defendant acted in good faith and upon reasonable grounds under the circumstances is a question for the jury. *See Earthman's*, 526 S.W.2d at 205. However, even if we assume that there was evidence from which the jury could have inferred a proper qualified refusal, we cannot say that the evidence was such that the jury was bound to make such a finding. Additionally, in this case the jury in fact made an unfavorable determination that Smith had not performed compensable work, which cuts against Smith's assertion that his refusal to return the race cars to Maximum Racing was a proper qualified refusal. Thus, the evidence did not conclusively establish Smith's good-faith defense.

11

We also reject Smith's policy argument that he should not be held liable for exercising his statutory rights. Smith relies on *Huffmeyer v. Mann*, 49 S.W.3d 554 (Tex. App.—Corpus Christi 2001, no pet.), to argue that persons who exercise control over property while under the auspices of a judicial conflict should not be punished. *Huffmeyer*, however, concerns a case where the defendant, having been notified by the court that he was appointed as receiver of an estate, prevented the plaintiff from removing property. The plaintiff accused the receiver of exercising "dominion and control . . . before he had lawfully assumed his duties as a receiver." *Id.* at 558. Finding that the property was in the custody of the court from the day the trial court took the appointment of a receiver under advisement, the *Huffmeyer* court held that Mann was not liable for acting on behalf of the court and retaining the property. *Id.* at 560. *Huffmeyer* presents a very different case than the situation here, where Smith took it upon himself to assert a right to the property and sought to use the statute as a weapon to fend off the claims of the rightful owner. Permitting individuals to maintain possession of others' property without repercussions merely because they claim "good faith" is poor public policy. We overrule Smith's final issue.

**CONCLUSION**

We hold that an element "necessarily referable" to the theory of conversion was submitted to the jury, and therefore the claim was not waived, but only the right to a jury finding on the remaining elements. Likewise, the jury did not err in failing to find Smith had performed compensable work; there was evidence to support this finding, and his compensable work was not established as a matter of law. This finding satisfied the only disputed element of conversion, and Rule 279 permits us to deem findings of the other elements to support the trial court's judgment.

12

Finally, good faith is not a defense to conversion under Texas law, and Smith fails to meet the "qualified refusal" exception to this rule. Because we hold that conversion was conclusively established, we affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Justice Patterson concurs in the judgment only.

Affirmed

Filed: May 13, 2004