NO. 07-06-0051-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 10, 2007
_____

DAVID GUTIERREZ, APPELLANT

V.

DUANE TILLMAN, APPELLEE
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 16636; HONORABLE FELIX KLEIN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant David Gutierrez filed a conversion action against appellee Duane Tillman, and now appeals a take-nothing judgment rendered for Tillman after a bench trial. We will affirm the judgment.

Planning to demolish a rural school building, in October 2004 the Sudan Independent School District auctioned some items located at the site. Gutierrez attended the auction and, among other items, bought the building's brick. He paid $50.00 for the brick, estimating the building contained some 205,000 bricks.

The school district also contracted with Dwayne West, who did business as SDS Contractors, to demolish the building and bury the materials leaving the site level. West testified he was instructed to wait until after the first of the year to begin the demolition, to allow purchasers of items to remove them from the building.

Gutierrez depended on the demolition contractor to knock down the walls of the building and make the brick available to him. He collected the bricks by hand and loaded them on a trailer, hauling about 1500 bricks per load. West began demolition in March 2005, but in late April 2005, he sold the SCS Contractors business and equipment to Tillman.[1]

Based on his discussion with West about the length of time it would take to complete the demolition, Gutierrez expected to have access to the brick until the end of July 2005. But Tillman believed the school district wanted the site cleared promptly, and after he assumed responsibility for the work he proceeded to complete the demolition of the building and burial of the rubble.

Gutierrez was able to haul a total of some 22,000 to 23,000 bricks from the site before the debris was buried. Contending Tillman wrongfully exercised control over his property by cutting short his access to the brick, Gutierrez brought suit against him for conversion. After receiving exhibits, and hearing testimony from Gutierrez, Tillman, West

---

[1] The sale is evidenced by a bill of sale transferring the equipment used by West. The agreement does not address Tillman's assumption of West's contracts.

and a damages witness for Gutierrez, the trial court rendered a take-nothing judgment, and later made findings of fact and conclusions of law at the request of Gutierrez.

By its single conclusion of law, the trial court couched its denial of recovery to Gutierrez in terms of waiver, stating, "Because [Gutierrez] waived any right to possession or ownership of the brick by his failure to remove the brick prior to 1/1/2005 he cannot sustain a cause of action for conversion." On appeal, Gutierrez attacks the conclusion. He contends it was not supported by pleadings asserting waiver, and ignored the agreement of the parties. He also argues his exercise of possession of the brick was subject to the condition precedent that the building be demolished.

We review the correctness of the trial court's conclusion of law as a legal question, affording no deference to the trial court. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *see State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996) (questions of law reviewed without deference to lower court's conclusions). If we find the court's conclusion of law is erroneous, but the court rendered the proper judgment, the erroneous conclusion does not require reversal of the judgment. *BMC Software*, 83 S.W.3d at 794.

Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971); *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex.App.–Austin 2004, no pet.). His conversion claim thus required Gutierrez to establish that Tillman without authorization

3

exercised dominion over the brick to the exclusion of, or inconsistent with, Gutierrez's rights in the brick. *Id.*

The court's findings of fact included the unchallenged findings that Gutierrez removed the items he purchased at the auction, except for the brick, before the end of 2004; that he did not attempt to remove the brick from the building prior to January 1, 2005, but relied on the demolition contractor to demolish the building; and that he was allowed access to the brick before it was buried.

Gutierrez does not contend the demolition contractors had any obligation to separate the brick from the other building debris. Completion of the demolition contract inevitably involved burial of any brick remaining among the debris. The evidence supports a conclusion that, after January 1, 2005, Gutierrez's rights in the brick were subject to the actions of the demolition contractor. When asked about his agreement with the school district concerning his possession of the brick, Gutierrez testified the district said, "I would have to make arrangements with the person doing the demolition." Although, as noted, Gutierrez testified to his understanding he would have until the end of July to haul off the brick, West testified he told Gutierrez "he could get the bricks as long as I was working there. When I got through we would be through."[2] West also testified, with regard to Gutierrez's right to the brick, he told Tillman that "[Gutierrez] could get them as long as

---

[2] When asked his understanding of "how long you had to do the [demolition] job," West responded, "I wasn't on a time schedule on the job. They [the school district] wanted it as soon as possible." Tillman also testified to his understanding that the district wanted the demolition completed as soon as possible.

[Tillman] was working out there." Tillman denied having any agreement with Gutierrez to allow him access to the brick for any particular period of time.

We agree with Tillman that no affirmative defense of waiver is necessary to sustain the trial court's failure to find him liable to Gutierrez for conversion. We conclude that Gutierrez simply failed to establish that Tillman's burial of the debris, including the remaining brick, when he finished demolishing the school building was inconsistent with Gutierrez's rights because, after January 1, 2005, those rights were subordinate to the contractor's decision concerning the pace of demolition. Accordingly, the absence of pleadings alleging waiver does not call for reversal.

Gutierrez next contends the trial court disregarded evidence of his agreement with the demolition contractors. In a variation on that contention, he argues the demolition was a condition precedent to his exercise of possession of the bricks. Both contentions must fail. Gutierrez is correct that evidence showed he could not take possession of the brick before the walls of the building were knocked down. And, as he argues, it is undisputed the demolition was not to begin until after January 1, 2005. But no evidence shows Tillman, or West, agreed to adjust the pace of the demolition, after January 1, 2005, to Gutierrez's schedule or the speed with which he could remove the brick. And, as noted, even Gutierrez acknowledged that his possession required "arrangements with the person doing the demolition."

5

Finding no reversible error in the trial court's judgment, we overrule Gutierrez's sole issue and affirm the judgment.


James T. Campbell
Justice