Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00486-CV

Vance **WALTERS**, Individually and d/b/a Vance Walters Cattle Company,
Appellant

v.

Jesus Gonzalez **GARCIA**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2004-CVF-001249-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    January 28, 2009

AFFIRMED

Vance Walters, individually and d/b/a Vance Walters Cattle Company, appeals the trial

court's judgment awarding Jesus Gonzalez Garcia ("Gonzalez") damages for the conversion of 225

head of cattle.  We affirm the trial court's judgment.

### BACKGROUND

Gonzalez delivered several hundred head of cattle to Jack Stephenson.  Stephenson then

delivered 225 head of those cattle to Walters for pasturing.  Stephenson testified that he informed

Gonzalez that Walters would pasture the cattle for the normal rates. Walters eventually billed Gonzalez his fees for pasturing the cattle. When Gonzalez failed to pay the bill for the pasturing fees, Walters sold the remaining cattle.[1]

Gonzalez sued Walters for conversion. A jury found that Walters had converted the cattle and awarded damages to Gonzalez. The trial court signed a judgment based on the jury's verdict.

## DISCUSSION

Walters presents two issues on appeal arguing: (1) the evidence conclusively established his entitlement to an agistor's lien or the jury's failure to find that he had an agistor's lien was against the great weight and preponderance of the evidence; (2) because he had an agistor's lien which lawfully entitled him to possession of the cattle, the evidence is legally and factually insufficient to support the jury's finding that he converted the cattle. In order to address Walters's issues, we must first explore the interrelationship between an agistor's lien and a cause of action for conversion.

Section 70.003(b) of the Texas Property Code establishes the right to an agistor's lien, stating, "An owner or lessee of a pasture with whom an animal is left for grazing has a lien on the animal for the amount of charges for the grazing." TEX. PROP. CODE ANN. § 70.003(b) (Vernon 2007). This lien is similar to the lien a garageman has for the care of a motor vehicle and to the ability of a worker to retain possession of a vehicle he repaired until the owner pays for the repairs. *See* TEX. PROP. CODE ANN. §§ 70.001, 70.003(c) (Vernon 2007). To establish a claim for conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or

---

[1] There was evidence that Walters had sold some of the cattle before sending the bill.

inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.). The crux of Walters's issues is that he did not convert the cattle because his agistor's lien made his exercise of dominion and control over the cattle lawful. *See id*. at 341-42 (addressing same issue in context of worker's lien); *see also Tex-On Motor Ctr. v. TransSouth Fin. Corp.*, No. 14-04-00366-CV, 2006 WL 664161, at *5 (Tex. App.—Houston [14th Dist.] Mar. 16, 2006, no pet.) (mem. op.) (noting valid lien would negate conversion claim). In other words, if the evidence established that Walters had a valid agistor's lien, it would negate Gonzalez's conversion claim because Gonzalez would be unable to establish that Walters's exercise of dominion and control over the cattle was unlawful.[2] *See Tex-On Motor Ctr.*, 2006 664161, at *5.

In his brief, Walters asserts, "it is undisputed that Walters cared for a portion of Gonzalez's cattle for 18 months without pay or consideration." Walters argues, "Under the jury's verdict, Walters is to have cared for Gonzalez's cattle for eighteen months, free of charge, and in addition Walters is to pay Gonzalez six figures worth of damages." Walters concludes that he "did everything the law requires in order to acquire and then foreclose his agistor's lien on cattle owned by Appellee/Plaintiff Jesus Gonzalez Garcia."

Texas courts have consistently held that in order for statutory liens like an agistor's lien to be created, the owner must consent to the care or repair. *See Stout v. Scott*, 68 Tex. 302, 304, 4 S.W. 494, 495 (1887)*; Jones v. Boswell*, 250 S.W.3d 140, 143 (Tex. App.—Eastland 2008, no pet.); *Tex-On Motor Ctr.*, 2006 WL 664161, at *5. In this case, the evidence was conflicting with regard to

---

[2] Although Gonzalez contends Walters failed to preserve his evidentiary complaint based on the failure to make objections or requests relating to the jury charge, the submission of the question on conversion, which required the jury to determine whether Walters unlawfully assumed dominion and control over the cattle, is necessarily referable to Walters's claim that he lawfully assumed dominion and control over the cattle based on his agistor's lien. *See Smith*, 136 S.W.3d at 340-42.

whether Gonzalez consented to Walters caring for the cattle. Gonzalez denied that he provided any such consent, responding that he did not know that any of the cattle were going to Walters. Stephenson testified that he informed Gonzalez that he was sending half of the cattle to Walters to pasture and told Gonzalez the rate Walters intended to charge for pasturing the cattle.

In finding that Walters unlawfully assumed dominion and control over the cattle, the jury resolved the conflict in the evidence by believing that Gonzalez did not consent to Walters's pasturing of the cattle. Because the jury's reliance on Gonzalez's testimony is not unreasonable, we must defer to the jury's credibility determination. *See Southwestern Bell Telephone Co. v. Garza*, 164 S.W.3d 607, 625 (Tex. 2004) (noting "even when credibility issues are reflected in the written transcript, the appellate court must defer to the jury's determinations, at least so long as those determinations are not themselves unreasonable"); *Collins & Aikman Floorcoverings, Inc. v. Thomason*, 256 S.W.3d 402, 407 (Tex. App.—San Antonio 2008, pet. denied) (noting jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony). Accordingly, the jury's finding is supported by legally and factually sufficient evidence, and the trial court's judgment is affirmed.

## CONCLUSION

The trial court's judgment is affirmed.

Steven C. Hilbig, Justice